UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

AIMEE RUPERT MARICHE &                          CIVIL ACTION
RAYMOND L. MARICHE, JR.

VERSUS                                          NO. 11-1191

WELLS FARGO BANK, N.A.                          SECTION "B"(5)

## ORDER AND REASONS

Before the Court is a Motion to Dismiss Claims by Defendant Wells Fargo Bank, N.A. ("Wells Fargo") (Rec. Doc No. 6 & 11), opposed by Plaintiffs Aimee Rupert Mariche and Raymond L. Mariche, Jr. ("the Mariches") (Rec. Doc. No. 9). For the following reasons, the Motion is **GRANTED**, and the Mariches Louisiana Unfair Trade Practices Act, Federal Fair Debt Collection Practices Act, and wrongful seizure claims are **DISMISSED**.

On June 29, 2009, Defendant Wells Fargo instituted a foreclosure action against the Mariches in the 22nd Judicial District Court, St. Tammany Parish, Louisiana, after they fell behind on their mortgage loan by approximately $7,500. (Rec. Doc. No. 6-2). The property was constructively seized on July 6, 2009 upon the recordation of a writ of seizure into the public record. (Rec. Doc. No. 6-2). Shortly thereafter, Wells Fargo and the Mariches entered into a forbearance agreement and agreed to pursue loan modification, and Wells Fargo placed the pending foreclosure action on hold. Although the Mariches complied with the terms of the forbearance agreement, they argue that Wells Fargo improperly delayed the proposed loan modification and refused to dismiss the

foreclosure action until completion of the loan modification. The Mariches sued Wells Fargo for breach of contract, wrongful seizure, violation of the Louisiana Unfair Trade Practices Act (the "LUTPA"), La. Rev. Stat. §15:1401 *et seq.*, and violation of the Federal Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. §1691 *et seq*. The case was removed to this Court under its diversity jurisdiction. (Rec. Doc. No. 1).

Wells Fargo argues that the Mariches petition fails to state a cause of action for all claims except for the breach of contract claim. Wells Fargo argues that the Mariches' claims under the LUTPA and the FDCPA are barred under the express terms of the statutes, and that because the Mariches admit that they were in default at the time of the seizure, they can state no claim for wrongful seizure.

The Mariches contend that Wells Fargo is not excluded from the provisions of the LUTPA and is a "debt collector" and therefore falls under the terms of the FDCPA. The Mariches argue further that although the seizure was not wrongful at its inception, it became wrongful when Wells Fargo refused to dismiss the foreclosure action after the initial agreement to pursue loan modification.

When reviewing a motion to dismiss, courts must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, "[f]actual allegations must be enough

2

to raise a right to relief above the speculative level." *Bell Atl. Corp. V. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009)(quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009))(internal quotation marks omitted). The Supreme Court in *Iqbal* explained that *Twombly* promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1950. First, courts must identify those pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. Legal conclusions "must be supported by factual allegations." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do no suffice." *Id*. at 1949.

Upon identifying the well-pleaded factual allegations, courts then "assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." *Id*. at 1950. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The plaintiffs must "nudge[] their claims across the line from

conceivable to plausible." *Twombly*, 550 U.S. at 570.

A. <u>Unfair Trade Practices Act, La. Rev. Stat. §15:1401, *et seq.*</u>

The LUTPA expressly provides that it is inapplicable to "any federally insured financial institution, its subsidiaries and affiliates," or to any other financial service provider subject to the jurisdiction of "federal banking regulators who possess authority to regulate unfair or deceptive trade practices." La. Rev. Stat. §15:1406(1). The purpose of this exemption is "to avoid duplication and exclude financial institutions which are regulated by other authorities as to unfair or deceptive trade practices." *Carriere v. Proponent Federal Credit Union*, 2004 WL 1638250 at *7 (W.D. La. July 12, 2004), *citing First Financial Bank, FSB v. Butler*, 492 So.2d 503, 505 (La. App. 5 Cir. 1986) and *Scott v. Bank of Coushatta*, 512 So.2d 356, 365 (La. 1987).

Because Wells Fargo is a federally insured financial institution and is regulated as a nationally chartered bank by the Office of the Comptroller of the Currency, it is exempt from application of the LUTPA. *See Fitch v. Wells Fargo Bank, N.A.*, 709 F.Supp.2d 510, 517 (E.D. La. April 29, 2010); *Hayes v. Wells Fargo Home Mortgage*, 2006 WL 3193743 (Ed. La. Oct. 31, 2006). *See also Daigle v. Trinity United Mortgage, LLC*, 04-406 (La. App. 3rd Cir. 11/10/04), 890 So.2d 583.

The Mariches concede that Wells Fargo is a federally insured financial institution, but argue that Wells Fargo has not

4

demonstrated how the LUTPA provisions are duplicated by federal law or regulation. However, under the plain language of the LUTPA, Wells Fargo needs merely to be, and clearly is, a federally insured financial institution to be exempt from the LUTPA's provisions.

Accordingly, the Mariches' claims against Wells Fargo under the LUTPA fail as a matter of law and should be dismissed.

B.   Fair Debt Collection Practices Act, 15 U.S.C. §1691, *et seq.*

In order to establish a claim under the FDCPA, a plaintiff must be a "consumer," as defined by §1692a(3); the "debt" must arise out of transactions which are primarily for personal, family, or household purposes under §1692a(5); the defendant must be a "debt collector," as defined by §1692a(6); and the defendant must have violated the prohibitions of the act.

Wells Fargo is not a debt collector within the meaning of the FDCPA. A debt collector is generally defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. §1692a(6). Importantly, the term excludes mortgagees, mortgage servicing companies, and their beneficiaries. *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985); *Williams v. Countrywide Home Loans, Inc.*, 504 F.Supp.2d 176, 190 (S.D. Tex. 2007).

5

Because Wells Fargo is a mortgage lender servicing the Mariches' debt, the FDCPA is not applicable, and the Mariches' claims under this act must be dismissed.

C.  Wrongful Seizure

Although there is no statutory cause of action in Louisiana for wrongful seizure, damages for a wrongful seizure of property have long been available under Louisiana's tort law. *See, e.g., Levine v. First Nat'l Bank of Commerce*, No. 02-1114 (La. App. 5th Cir. 4/29/03), 845 So.2d 1139, 1193. Because liability is tied to the act of unlawfully seizing another's property, the cause of action arises at the moment of the seizure. *Edwards v. Turner*, 6 Rob. 382 (La. 1844); *Duperon v. Wickle*, 4 Rob. 39, 40 (La. 1843).

The Mariches concede, and the pleadings support the conclusion that, at the moment of the seizure of the property, the Mariches were in default of their mortgage and the seizure was proper. They argue nevertheless that the seizure later became wrongful, after Wells Fargo's refusal to dismiss the foreclosure action upon the confection of the Loan Modification Agreement. Because the seizure was not wrongful at its inception, the Mariches cannot maintain a claim of wrongful seizure, and this cause of action must be dismissed.

For the reasons discussed above, **IT IS ORDERED** that the Mariches claims for violations of the Louisiana Unfair Trade Practices Act and the federal Fair Debt Collection Practices Act,

and for wrongful seizure are **DISMISSED** for failure to state a cause of action.

    New Orleans, Louisiana, this 27th day of March, 2012.

_____
UNITED STATES DISTRICT JUDGE